REBECCA BETTS

*v.*

JOHN G. VAN DYKE, executor of Evelina Van Tilburgh, deceased.

A testatrix gave all her estate to B. for life, and gave to complainant $200, to be paid out of the property that should remain after B.'s death. V. was appointed executrix, and accepted the trust. B. survived testatrix, and died in 1854, at which time funds of the estate were in V.'s hands sufficient to pay all the legacies. V. converted the estate into money and mingled it with her own. V. paid $50 to complainant on her legacy. She died in 1879, leaving the defendant her executor. On a bill to recover the balance of the legacy—

*Held,*

(1) That complainant need not file or tender a refunding bond to defendant before bringing suit.

(2) That a suggestion that there might be other claims against the estate of the first testatrix did not render necessary the appointment of an administrator *de bonis non* on her estate, because from the lapse of time all those claims are presumed to have been satisfied, and V., if living, could not, nor can her executor, the defendant, assert now V.'s negligence in settling that estate as a defence to this suit.

(3) That the presumption of the satisfaction of the legacy, arising from lapse of time, is rebutted by the payment of the $50 thereon by V.

On bill, answer and proofs.

*Mr. G. O. Vanderbilt,* for complainant.

*Mr. J. M. Van Dyke,* for defendant.

BIRD, V. C.

In her last will, Charlotte Van Tilburgh gave all her estate to Mary Berrien during her life, and to the complainant $200, to be paid out of the property that should remain after the death of Mary Berrien. Evelina Van Tilburgh was appointed executrix, and took upon herself the duties and burthens of that office. Mary Berrien survived the testatrix about ten years, and died in 1854. A large portion of the estate remained after the death of Mary Berrien—certainly more than enough to discharge all the legacies named in the will. This estate the executrix, Evelina, converted into money. Evelina survived until the year 1879, paying, in the meantime, $50 on account of this legacy. This bill is filed to recover the balance due on the legacy, out of the assets in the hands of J. G. Van Dyke, the executor of Evelina Van Tilburgh's last will.

The first defence to this suit is that the complainant has failed to tender or file any refunding bond, such as is required by the statute (*Rev. 581 § 5*) before suit brought. I think the answer to this is, that this defendant is not entitled to any such refunding bond. No person can shelter himself under the statute unless he is clothed with authority to administer the estate out of which the legacy originally came. In this case, that estate was Charlotte Van Tilburgh's. The defendant is not her executor, nor is he the executor of her executor (the statute forbids that), nor is he her administrator *de bonis non* with the will annexed. He is

the executor of Evelina, and Evelina, as the executrix of Charlotte, converted the assets of Charlotte's estate into money and mingled them with her own, and so held them at the time of her death.   At her death the funds which she held as trustee could not be distinguished from those she held in her own right. Now, I think under these circumstances the complainant was not obliged to tender or file a refunding bond before suit.

In the second place, it is urged that the executor of Evelina cannot administer the estate of Charlotte (*Rev. 396* § *2*), and that consequently this suit is brought against the wrong ·person. Certainly he cannot administer the estate of Charlotte ; but that principle in law in no wise prevents the person having a clear legal right to funds in his hands pursuing and recovering them.

Under this same head it is urged that the complainant's only course was to have an administrator *de bonis non* upon the estate of Charlotte appointed, and to take proceedings against him, as there might be other claims against her estate.   The answer to the suggestion of other claims is, that from the lapse of time, it is presumed that all claims have been satisfied.   But in addition to that, this court will hardly allow such a possibility to ,be interposed in a case where its existence depends wholly upon the neglect of the defendant's testatrix.   As Evelina for many years had this estate in hand, she could not now, nor can her executor, come and be heard to say, " It is possible this estate has not been administered in all respects according to law."

In this connection, it is insisted that no trust has been ·clearly established, and that none will be implied, citing *Story's Eq. Jur.* § *1195*, and *Cook* v. *Fountain, 3 Swanst. 585*.   It matters not by what name you call it, it is established that when Evelina died she had much more than enough of the estate of Charlotte in hand to pay this legacy.   The court ought not to labor long for definitions or axioms with that fact before it.   There are the funds in the possession of the defendant which belong to another estate.   The defendant is not entitled to them.   They once were trust-moneys.   Although I cannot lay my hand on the indentical dollars, yet I feel quite sure that of the funds in the hands of the defendant, those very dollars are represented.   That being

so, the court ought not to hesitate, unless other safeguards prevent.

It is insisted, lastly, that the law presumes a payment after this great lapse of time. That is true; but it is only a presumption at best, and I find that it is overcome by the distinct proof that only $50 have been paid on the legacy.

I will advise a decree for the complainant for the $200, with interest from the death of Mary Berrien for six years, and, after deducting the $50, interest on the balance from that time.